## United States Bankruptcy Court
## Eastern District of Pennsylvania

| | |
|---|---|
| In re: Victoria's Kitchen LLC,<br><br>*Debtor.* | Case No. 25-13380-djb<br>Chapter 11 |
| Victoria's Kitchen LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>American Express Company,<br><br>*Defendant.* | Adversary No. |

**Complaint to Avoid and Recover Unauthorized Post-Petition Transfer**

Plaintiff Victoria's Kitchen LLC, makes this complaint against Defendant American Express Company, and alleges as follows:

### Jurisdiction

1.    The Court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

2.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(E) and (O).

3.    The Plaintiff consents to the entry of a final order by this Court.

4.    Venue is proper under 28 U.S.C. § 1409.

### Parties

5.    The Plaintiff is a limited liability company and the debtor in the above bankruptcy case.

6.    The Defendant is a corporation. Its principal place of business is 200 Vesey Street, New York, NY 10281.

**Background**

7.      On August 26, 2025, the Plaintiff filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

8.      The Plaintiff has operated as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108 at all times since the petition was filed.

9.      When the petition was filed, all legal and equitable interests of the Debtor became property of the Estate under 11 U.S.C. § 541.

10.     The Plaintiff voluntarily transferred property of the Estate to the Defendant (the "Transfer") in the amount of about $12,000.00 on or about September 25, 2025.

11.     Upon information and belief, the Transfer remains in the Defendant's possession and has not been transferred to another entity.

12.     The Transfer paid an obligation to the Defendant that was incurred pre-petition for money loaned.

13.     At the time that the Transfer was made, the Debtor believed that it was authorized by the Bankruptcy Code or an order of the Court.

14.     That said, the Transfer was not authorized by the Bankruptcy Code or an order of the Court.

*[This space intentionally left blank.]*

## Count I
### Avoidance of the Transfer (11 U.S.C. § 549)

15.     The Plaintiff realleges paragraphs 1 through 14 as if fully set forth herein.

16.     The Transfer was a transfer of property of the Estate made after the case was filed, and not authorized by the Bankruptcy Code or by the Court.

17.     Thus, the Transfer is avoidable under 11 U.S.C. § 549(a).

## Count II
### Recovery of the Transfer (11 U.S.C. § 550)

18.     The Plaintiff realleges paragraphs 1 through 17 as if fully set forth herein.

19.     Under 11 U.S.C. § 550(a), upon avoidance of a transfer, the property transferred or the value of such property may be recovered from the initial transferee.

20.     Accordingly, the Plaintiff may recover the Transfer under 11 U.S.C. § 550(a).

### Request for Relief

**NOW, THEREFORE**, the Plaintiff respectfully requests that the Court enter judgment for the Plaintiff and against the Defendant:

A.     avoiding the Transfer under 11 U.S.C. § 549(a);

B.     recovering the property transferred or the value thereof; and

C.     awarding such further relief as may be necessary and proper under the law.

Date: September 29, 2025            **SADEK LAW OFFICES LLC**
*Attorney for Plaintiff*

By: /s/ Michael I. Assad
    Michael I. Assad (#330937)
    1500 JFK Blvd., Suite 220
    Philadelphia, PA 19102
    215-545-0008
    michael@sadeklaw.com