# United States Bankruptcy Court
# Eastern District of Pennsylvania

| | |
|---|---|
| In re: Victoria's Kitchen LLC, | Case No. 25-13380-djb |
| *Debtor.* | Chapter 11 |
| Victoria's Kitchen LLC, | Adversary No. 25-00214-djb |
| *Plaintiff,* | |
| v. | |
| American Express National Bank, | |
| *Defendant.* | |

### ~~First~~ Second Amended Complaint to Avoid and Recover Unauthorized Post-Petition ~~Transfer~~Transfers

Plaintiff Victoria's Kitchen LLC, makes this complaint against Defendant American Express National Bank, and alleges as follows:

## Jurisdiction

1.    The Court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

2.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(E) and (O).

3.    The Plaintiff consents to the entry of a final order by this Court.

4.    Venue is proper under 28 U.S.C. § 1409.

## Parties

5.    The Plaintiff is a limited liability company and the debtor in the above bankruptcy case.

6. The Defendant is a corporation. Its principal place of business is 200 Vesey Street, New York, NY 10281.

**Background**

7. On August 26, 2025, the Plaintiff filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

8. The Plaintiff has operated as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108 at all times since the petition was filed.

9. When the petition was filed, all legal and equitable interests of the Debtor became property of the Estate under 11 U.S.C. § 541.

10. The Plaintiff voluntarily transferred property of the Estate to the Defendant ~~(the "Transfer")~~(each, a "Transfer," and collectively, the "Transfers") in the aggregate amount of ~~about $12,000.00~~$20,245.59 on or about ~~September 25, 2025~~September 2, 2025; and September 26, 2025.

11. Upon information and belief, the ~~Transfer~~Transfers remain~~s~~ in the Defendant's possession and ~~has~~have not been transferred to another entity.

12. The ~~Transfer~~Transfers paid an obligation to the Defendant that was incurred pre-petition for money loaned.

13. At the time that the ~~Transfer~~Transfers ~~was~~were made, the Debtor believed that ~~it was~~they were authorized by the Bankruptcy Code or an order of the Court.

14. That said, the ~~Transfer~~Transfers ~~was~~were not authorized by the Bankruptcy Code or an order of the Court.

**Count I**
**Avoidance of the ~~Transfer~~Transfers (11 U.S.C. § 549)**

15.     The Plaintiff realleges paragraphs 1 through 14 as if fully set forth herein.

16.     The ~~Transfer~~Transfers ~~was~~were a transfer of property of the Estate made after the

case was filed, and not authorized by the Bankruptcy Code or by the Court.

17.     Thus, the ~~Transfer~~Transfers ~~is~~are avoidable under 11 U.S.C. § 549(a).

**Count II**
**Recovery of the ~~Transfer~~Transfers (11 U.S.C. § 550)**

18.     The Plaintiff realleges paragraphs 1 through 17 as if fully set forth herein.

19.     Under 11 U.S.C. § 550(a), upon avoidance of a transfer, the property transferred or

the value of such property may be recovered from the initial transferee.

20.     Accordingly, the Plaintiff may recover the ~~Transfer~~Transfers under 11 U.S.C. §

550(a).

**Request for Relief**

**NOW, THEREFORE**, the Plaintiff respectfully requests that the Court enter judgment

for the Plaintiff and against the Defendant:

A.      avoiding ~~the Transfer~~each Transfer under 11 U.S.C. § 549(a);

B.      recovering the property transferred or the value thereof; and

C.      awarding such further relief as may be necessary and proper under the law.

Date: October ~~7~~8, 2025                **SADEK LAW OFFICES LLC**
                                          *Attorney for Plaintiff*

                                          By: /s/ Michael I. Assad
                                               Michael I. Assad (#330937)
                                               1500 JFK Blvd., Suite 220
                                               Philadelphia, PA 19102
                                               215-545-0008
                                               michael@sadeklaw.com